**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 9, 2013

LETTER TO COUNSEL:

RE: *Thomas Santilli v. Commissioner, Social Security Administration*;
Civil No. SAG-12-0356

Dear Counsel:

On February 6, 2012, the Plaintiff, Thomas Santilli, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 16). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Mr. Santilli filed his claim on August 5, 2008, alleging disability beginning on March 2, 2008. (Tr. 102-05). His claim was denied initially on September 17, 2008, and on reconsideration on October 9, 2009. (Tr. 62-65, 68-69). A hearing was held on September 23, 2010 before an Administrative Law Judge ("ALJ"). (Tr. 32-57). Following the hearing, on October 13, 2010, the ALJ determined that Mr. Santilli was not disabled during the relevant time frame. (Tr. 16-31). The Appeals Council denied Mr. Santilli's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Santilli does not have a severe impairment or combination of impairments pursuant to 20 C.F.R. § 404.1521. (Tr. 21). Mr. Santilli presents three arguments on appeal: (1) that the ALJ should have found his hypothyroidism to be severe; (2) that the ALJ should have given more weight to Dr. Naik's opinions; and (3) that the Appeals Council should have considered Dr. Ducharme's letter of December 27, 2010. Each argument lacks merit.

First, Mr. Santilli submits that the ALJ should have found that his hypothyroidism is a severe impairment at Step Two. An impairment is considered "severe" if it significantly limits the claimant's ability to work. *See* 20 C.F.R. § 404.1521(a). The claimant bears the burden of proving that his impairment is severe. *Johnson v. Astrue*, Civil Action No. PWG-10-3139, 2012 WL 203397, at *2 (D. Md. Jan. 23, 2012) (citing *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995)). In this case, Mr. Santilli has not directed this Court to, and this Court has been unable to

*Thomas Santilli v. Commissioner, Social Security Administration*
Civil No. SAG-12-0356
January 9, 2013
Page 2

find, any medical evidence indicating that his hypothyroidism caused significant limitations in his ability to work. The medical evidence in the record indicates that Mr. Santilli's hypothyroidism did not contribute to his reported cardiac issues and chest pain, which are his primary medical complaints. (Tr. 324, 370). In fact, his treating physician, Dr. Naik, did not even mention "hypothyroidism" in her disability assessment. (Tr. 417-19). Accordingly, the ALJ did not err by failing to find that Mr. Santilli's hypothyroidism is a severe impairment.

Mr. Santilli next argues that the ALJ should have assigned greater weight to Dr. Naik's opinions, which limited Mr. Santilli to "less than the full range of sedentary work." Pl. Mot. 6. A treating physician's opinion is not entitled to controlling weight if it is inconsistent with the other substantial evidence. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). In this case, the ALJ addressed Dr. Naik's opinions in great detail. (Tr. 23, 26). After reviewing Dr. Naik's opinions, and the other medical evidence, the ALJ found that Dr. Naik's opinions were based upon Mr. Santilli's subjective symptoms, and not medical evidence. (Tr. 26). For example, Dr. Naik's report indicates that there is "[n]o supportive evidence except [Mr. Santilli's] subjective[] reports" for her conclusion that standing and walking are affected by his impairments. (Tr. 418). Mr. Santilli also fails to highlight, and this Court is unable to find, any medical evidence supporting Dr. Naik's opinion that Mr. Santilli could not perform the full range of sedentary work. A claimant cannot establish a severe impairment by highlighting subjective complaints that are unsubstantiated by medical evidence. *See Johnson v. Barnhart*, 434 F.3d 650, 658 (4th Cir. 2005). I am readily able to discern, from the ALJ's analysis, the reasons he chose to afford little weight to the opinions of Dr. Naik. The analysis is supported by substantial evidence.

Last, Mr. Santilli argues that the Appeals Council should have considered Dr. Ducharme's December 27, 2010 letter. The Appeals Council must review additional evidence if it is "(a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Wilkins v. Sec'y, Dept. of Health & Human Servs.*, 953 F.2d 93, 95-96 (4th Cir. 1991); *see* 20 C.F.R. § 404.970(b). Evidence is "new" if "it is not duplicative or cumulative." *Wilkins*, 953 F.2d at 96. "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Id.* Here, Dr. Ducharme's four-sentence letter discussed Mr. Santilli's worsening thyroid levels, his inability to tolerate medication, and his hypothyroidism's contribution to his symptoms. (Tr. 8). Medical evidence in the record already discusses Mr. Santilli's high and worsening thyroid levels, (Tr. 308, 416), his inability to tolerate medication, (Tr. 44, 389, 413), and the fact that his hypothyroidism does not contribute to his symptoms. (Tr. 324, 370). Moreover, even if evidence of Mr. Santilli's worsening thyroid levels was considered "new," there is still no medical evidence showing that his worsening thyroid levels significantly limit his ability to work. Accordingly, this evidence is not material, because it would not have changed the ALJ's opinion that Mr. Santilli had no severe impairments. *See* 20 C.F.R. § 404.1521(a) (stating that an impairment is only "severe" if it significantly limits a claimant's ability to work).

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 15) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 16) will be GRANTED. The Clerk is directed to CLOSE this case.

*Thomas Santilli v. Commissioner, Social Security Administration*
Civil No. SAG-12-0356
January 9, 2013
Page 3

    Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                                Sincerely yours,

                                                /s/

                                              Stephanie A. Gallagher
                                              United States Magistrate Judge